346 F.2d 372
 STAFF RESEARCH ASSOCIATES, INC., an Illinois corporation, Plaintiff-Appellant,
v.
TRIBUNE COMPANY, an Illinois corporation, William Lyke, George Van Wagner, L. Barton, and Illinois Board of Private Employment Agencies, Inc., an Illinois corporation, Defendants-Appellees.
 No. 14867.
 United States Court of Appeals Seventh Circuit.
 May 28, 1965.
 
 George B. Collins, Jerome Marvin Kaplan, Chicago, Ill., for plaintiff-appellant.
 Frank T. Jordan, Howard Ellis, Don H. Reuben, Lawrence Gunnels, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for defendants-appellees Tribune Co., William Lyke and George Van Wagner.
 Before SCHNACKENBERG, KNOCH and SWYGERT, Circuit Judges.
 SCHNACKENBERG, Circuit Judge.
 
 
 1
 Staff Research Associates, Inc., an Illinois corporation, plaintiff, appeals from an order of the district court granting summary judgment and dismissing its complaint against Tribune Company, an Illinois corporation, William Lyke, George Van Wagner, L. Barton, and Illinois Board of Private Employment Agencies, Inc., an Illinois corporation, defendants.
 
 
 2
 Made a part of the motion for summary judgment is a transcript of proceedings in an action in the Circuit Court of Cook County, Illinois, brought by plaintiff herein against Tribune Company.
 
 
 3
 The record before our court reveals that plaintiff describes itself as a "personnel management consulting firm" and that it is engaged in rendering a service for employers by interviewing job applicants for them. Such interviews are conducted on an employer's premises by an interviewer who is actually an employee of plaintiff. Plaintiff's fee is paid by the employer. Plaintiff uses newspaper advertising to attract job applicants to an employer's place of business for the interviews. The advertising copy is written by plaintiff's personnel who telephone it directly to the newspaper, not disclosing that plaintiff is involved in the hiring or that it is ordering the advertisement. Neither does the advertising copy disclose that plaintiff will do the interviewing.
 
 
 4
 Under the law of Illinois, § 197a et seq., ch. 48, Ill.Rev.Stat. (1963), it has been contended by the state director of labor that plaintiff here is an employment agency and operates illegally because it has no Illinois employment agency license. Suit to enjoin it from so operating was instituted and is now pending in the Circuit Court of Cook County, Illinois.[1]
 
 
 5
 The case now before this court is based upon alleged violation of 15 U.S. C.A. §§ 1, 2 and 15. It is an antitrust case. Joined with Tribune Company, as defendants, are two of its employees in its classified advertising department and a trade association made up of employment agencies, and its president. It is charged by plaintiff that defendants and the employment agencies belonging to the trade association conspired together to destroy plaintiff's business by preventing its customers from placing advertisements in the "help wanted" columns of the Tribune, thereby causing a restraint of commerce.
 
 
 6
 The Tribune clearly announces that its position has for many years been as follows: It classifies advertisements for employees as "help wanted" advertising only if those who respond to the advertisement will be dealing directly with a prospective employer. It maintains that Tribune readers therefore understand that a listing in its "help wanted" advertisements column signifies that no outside intermediary is involved and that a prospective employee will negotiate for a job directly with an employer. The Tribune's policy therefore considers an advertisement, which contemplates an employee of plaintiff as an interviewer, as not "help wanted", and it therefore places it in a different classification, such as "help wanted — employment services". Thus, as to such an advertisement, both the reader and the prospective employee would know that a third party is involved and that a direct interview with the prospective employer was not to be expected by an applicant for a position.
 
 
 7
 The Tribune advised plaintiff and its customers that it would continue to accept plaintiff's advertisements, but would use the classification "help wanted — employment services".
 
 
 8
 The Tribune was also concerned particularly as to plaintiff in this controversy, because the filing on June 11, 1964 of a federal tax lien for $12,871.07 in unpaid withholding taxes against plaintiff, made its reliance on plaintiff unjustified. In addition, plaintiff's practice of ordering advertising in the name of prospective employers provokes controversy as to who is to pay for the advertising. A suit by the Tribune to compel one of plaintiff's customers to pay therefor resulted finally in the payment by plaintiff of the amount claimed.
 
 
 9
 Before bringing the present action in the district court, plaintiff brought suit in the Circuit Court of Cook County, Illinois, asking for similar relief and in that case asked for a preliminary injunction to enforce pendente lite, a classification of its advertisements as "help wanted." That court in denying such relief pointed out that the Tribune had not refused to accept the advertising and that it had simply stated that it would accept it provided it could designate under what column it was to be published. Thereupon plaintiff dismissed that action and the present suit was instituted.
 
 
 10
 In the circumstances of this case, we hold that a publisher of a newspaper has a right to condition acceptance of advertising upon placing it in such classification as will insure compliance with the law and truthful disclosure to readers. We cannot construe the Tribune's exercise of that right in the case at bar to constitute an antitrust violation. The antitrust laws are not a shield for deceptive advertising. To hold otherwise would mean that we would condemn a newspaper policy which is clearly in the interest of persons who, in seeking employment, resort to the classified advertisements of a metropolitan newspaper which plaintiff admits occupies a "position of preeminence" in that area of advertising.
 
 
 11
 For these reasons the judgment from which this appeal has been taken is affirmed.
 
 
 12
 Judgment affirmed.
 
 
 
 Notes:
 
 
 [1]
 People ex rel. Cullerton v. Staff Research Associates, Inc., No. 64 CH 3903, Circuit Court of Cook County, filed on July 2, 1964